CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LOWELL MILLER, | ) | CASE NO. 7:14CV00688 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| CARL MANIS, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Lowell Miller, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] As relief, Miller asks the court to order officials of the Virginia Department of Corrections (VDOC) to place a directive in his central file indicating that, for mental health reasons, he should never be transferred to a dormitory-style prison facility. He also moves to amend the original petition to add documentation in support. The court will grant the motion to amend, but after review of the petition as amended, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim on which relief can be granted.

Miller states that he suffers from unspecified mental health problems that render him unable "to function properly in a dormitory housing unit." (Pet. 10, ECF No. 1-1.) When he has been confined in such a housing unit in the past, he has been involved in physical altercations as a result of his mental health issues, which caused him to lose earned good conduct time. He has discussed this problem with mental health professionals, who have agreed and documented that he should not be assigned to a dormitory housing area. Miller has tried, unsuccessfully, to have

---

[1] Miller submitted his claims on a § 2241 form and seeks relief under this statute. Inadvertently, however, the court docketed his petition as one arising under 28 U.S.C. § 2254 and will ask the clerk to correct this typographical error on the docket.

this documentation placed in his central VDOC file. He believes VDOC officials will not take this step to protect his future well being unless ordered by the court to do so.

It is well settled law that habeas corpus jurisdiction extends to prisoners' claims that challenge the legal basis of their confinement, § 2241(c)(3), but does not extend to claims concerning the conditions of confinement. State prisoners who wish to challenge the conditions of their confinement, as opposed to its duration, must do so through civil rights lawsuits under 42 U.S.C. § 1983, and not through federal habeas proceedings. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [ ] attacks the conditions of the prisoner's confinement. . . ." (omitting quotation)); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Miller's pleading alleges no ground on which his detention—the fact of his confinement or the duration of his confinement—is in violation of the constitution or laws of the United States. Therefore, his allegations, although styled as a petition for habeas corpus relief, do not actually present any claims that sound in habeas or provide any ground on which he could be entitled to such relief. Therefore, the court will summarily dismiss his habeas petition without

2

prejudice for failure to state a claim upon which the requested relief can be granted.[2] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 9th day of February, 2015.

*/s/ Glen Conrad*
Chief United States District Judge

---

[2] Because Miller is proceeding pro se, the court could liberally construe his pleading as a civil rights complaint under § 1983 and allow him to proceed with the case. Miller's current submissions, however, do not indicate that he has exhausted administrative remedies under the prison's grievance procedures as required before he can file a civil action on the matter. See 42 U.S.C. § 1997e(a). The exhaustion process under the VDOC procedures normally begins with a request for services. If plaintiff receives an unsatisfactory response to his request, he may then file an informal complaint, followed by a regular grievance, and appeals. Time limits apply. Because Miller does not indicate that he has followed the VDOC administrative procedures fully on the issue of his mental health housing needs, the court will not construe his current petition as a § 1983 action.

Case 7:14-cv-00688-GEC-RSB Document 6 Filed 02/09/15 Page 3 of 3 Pageid#: 23